IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>)<br>JOSE MORALES et al.                    )<br>)<br>) | CRIMINAL ACTION<br><br>05-10115-JLT |

**UNITED STATES' STATUS REPORT**

Pursuant to Local Rule 116.5(A), the United States respectfully submits this status report in connection with the initial status conference scheduled for July 12, 2005.

1. Local Rule 116.3 Timing Requirements

At the time of defendant's preliminary hearings in this case in April 2005, the government disclosed to defense counsel the wiretap evidence in this case, including the wiretap affidavits and more than 6,000 recorded phone calls, the majority of which are in Spanish. On June 14, 2005, the government provided more particularized wiretap discovery. However, given the number of the intercepted calls, the government anticipates that defense counsel will request additional time to review this discovery. The government will not oppose this request.

2. Expert Testimony

At trial on the pending indictment, the government anticipates that it will present the testimony of one or more forensic chemists regarding the content of controlled substances seized during this case. The government may also present non-expert opinion testimony and expert opinion testimony pursuant to Fed. R. Evid. 701 and 703 by law enforcement agents regarding the content and meaning of the intercepted phone calls.

3. <u>Additional Discovery</u>

The government anticipates providing additional discovery in this case. The government is seeking additional reports and evidence regarding arrests and seizures of heroin in New Bedford, MA that took place in 2004. The government has obtained some of these materials and will be providing the remainder of this discovery to defense counsel by next week. If any additional documentation/information is obtained, the government will provide such information to defense counsel.

4. <u>Motion Date</u>

The government anticipates that defense counsel will <u>not</u> be seeking a deadline for the filing of pretrial motions in this case.

5. <u>Speedy Trial Calculations</u>

Based on the complex nature of the case and undersigned conversation with several defense counsel in this matter, the court should exclude from the STA calculations the time from the initial status conference on July 12, 2005 until the court's next scheduled status hearing. The government submits that 0 days have run under the 70 day clock since defendant JOSE ORTIZ-PEREZ has not yet been arraigned on the indictment and will so be arraigned on July 19, 2005. <u>See</u> 18 U.S.C. Sec. 3161(h)(7); <u>Henderson v. United States</u>, 476 U.S. 321, 326-30 (1986). There is also one pre-trial motion that remains pending that was filed on April 15, 2005. <u>See</u> 18 U.S.C. Sec. 3161(h)(1)(F).

6. <u>Anticipated Length of Trial</u>

Given the number of co-defendants in this case, it is too early to determine whether a trial is required in this matter and

the anticipated length of any such trial.

   7. <u>Final Status Conference</u>

The government submits that an Interim Status Conference should be scheduled.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN

                              United States Attorney

            By:    <u>/s/ Neil J. Gallagher, Jr.</u>
                     Neil J. Gallagher, Jr.
                     Lisa Asiaf
                     Assistant U.S. Attorneys

Date: July 12, 2005