**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JOSE MORALES, et al, ) <br>            Defendants. ) <br> ) | U.S.M.J. No. 2005-M0449-RBC <br> Crim. No. 05-CR-10051-WGY |

### MOTION FOR PROTECTIVE ORDER

The United States respectfully moves pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116 for a protective order. As grounds for this motion, the government states as follows:

**A.    Background**

1.     On February 4, 2005, the Court signed an Order authorizing the interception of wire communications of individuals then identified as: WILFREDO OFARRILL, a.k.a. José Luis Figueroa-Ramos, a.k.a. "Nelson," a.k.a. "Sonny" ("OFARRILL"); CARLOS RUBEN CRUZ-DEJESÚS, a.k.a. "Johnny" ("CRUZ"); LUIS A. PARIS, a.k.a. Arnaldo Rodriguez, a.k.a. "Manny," a.k.a. "Bobby," a.k.a. "King Kong" ("PARIS"); MIGUEL FONTANEZ, ("FONTANEZ"); JOSÉ NICHOLSON, a.k.a. "Jaiba," ("NICHOLSON"); DIXON PEREZ, a.k.a. "Nelson," a.k.a. "Mario" ("PEREZ"); ROBERT MEDEIROS, a.k.a. "Bobby," a.k.a. "White-Boy" ("MEDEIROS"); MIGUEL CASADO, a.k.a. "Chulo" ("CASADO") HERMAN MELO ("MELO"); BRIAN KEENAN ("KEENAN"); DAVID ROSONINA ("ROSONINA"); WILFREDO TORRES, a.k.a. "Willow" ("TORRES"); DANIEL LNU; and "Melvin," tentatively identified as JOSE MORALES, a.k.a. "Juan Rivera" ("MORALES") and other persons known and unknown, who were involved in heroin trafficking (hereinafter the "Target Interceptees") to and from the cellular telephone assigned

number (508) 863-3411, which is a T-Mobile cellular telephone, bearing International Mobile Subscriber Identifier ("IMSI") number 310260912276340 (and subsequently IMSI number 352708001926980), and subscribed to Jose Figueroa, 26 Chad Brown Street, 2nd Floor, Providence, RI 02908-2955 (hereinafter "Target Telephone # 1"). On March 4, 2005, this Court signed an Order extending the authorization for the interception of wire communications over Target Telephone # 1.

2. On March 21, 2005, the Court signed another Order authorizing the interception of wire communications over a related cellular telephone assigned number (774) 253-6830, a Pre-Paid T-Mobile cellular telephone subscribed to "Juan Rivera" and used by JOSE MORALES with no further subscriber information provided (hereinafter "Target Telephone # 2"). Like the Order authorizing interception of wire communications over Target Telephone # 1, this order, signed by the Honorable Patti B. Saris, U.S. District Court Judge for the District of Massachusetts (acting in lieu of Chief Judge Young), authorized the interception of wire communications by the Target Interceptees referenced above to and from Target Telephone # 2.

3. Wire communications to and from the Target Telephones ## 1 and 2 were intercepted pursuant to the above-referenced wiretap orders.

**B.    Request for Protective Order**

4. Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116.6, the government requests that this Court issue the attached Protective Order to ensure that the materials disclosed to defense counsel in this matter will be used solely for the limited purpose of enabling each defendant to prepare a defense and will not be further disclosed or disseminated. The reasons for the government's request are as follows:

5. **Further disclosure or dissemination of the wiretap materials would jeopardize**

**any further investigation.**  One of the individuals named or referenced in the intercept order, the related application and affidavit, the intercepted conversations, and the preliminary transcripts ("line sheets") has not been arrested and may continue to be targets or subjects of federal and/or state investigation.  Further disclosure or dissemination of the wiretap materials could jeopardize any further investigation by, among other things, leading subjects and targets of the investigations to change phones, go into hiding, or flee.

      6.    **Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of cooperating individuals.**  Some of the wiretap materials contain references to cooperating sources of information who assisted in the investigation.  Further disclosure or dissemination of the wiretap materials would unnecessarily jeopardize the safety of those cooperating sources of information by potentially revealing their true identities to individuals who might wish to harm them.

      7.    **Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of non-defendants.**  One important purpose of the stringent secrecy and sealing requirements contained in the federal wiretap statute, 18 U.S.C. §§ 2510-2522, is to maximize the privacy of individuals mentioned in wiretap documents and/or intercepted pursuant to a wiretap order.  Further disclosure or dissemination of the wiretap materials would unnecessarily invade the privacy interests of those individuals and therefore defeat one of the statute's most important purposes.

WHEREFORE, the government respectfully requests that the Court issue the attached proposed Protective Order for the reasons stated herein.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:    */s/ Lisa M. Asiaf*
        Neil J. Gallagher, Jr.
        Lisa M. Asiaf
        Assistant U.S. Attorneys

Dated:   July 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for a Protective Order has been served by hand or first class mail on all counsel of record in this matter who do not automatically receive service of process via the Court's ECF filing system.

        */s/ Lisa M. Asiaf*
        Lisa M. Asiaf
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | U.S.M.J. No. 2005-M0449-RBC |
| v. ) | Crim. No. 05-CR-10051-WGY |
| ) | |
| JOSE MORALES, et al, ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "wiretap materials" means all applications, supporting documents (including affidavits), and orders made or issued in connection with court-authorized electronic surveillance in this matter; all recordings, written summaries, preliminary transcripts (or "line sheets") and final transcripts made pursuant to those orders; and the "contents" of the above-enumerated items as that term is defined in 18 U.S.C. § 2510(8). The term "contents" includes, but is not limited to, any transcripts, summaries, extracts, or verbatim accounts contained in any transcripts, memoranda, or affidavits prepared by any party or other person in connection with this case.

2. Except as provided below, defendants and their respective counsel of record shall make no disclosure of wiretap materials to any other person.

3. Consistent with the terms of this Order, wiretap materials may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's partners, associates, paralegals, and

stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a recording or its contents to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

4. Counsel of record for the defense shall not make any disclosure as provided in paragraph 3 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

5. Upon the termination of these proceedings, all wiretap materials shall be returned forthwith to the United States or to the Court absent further Court order to the contrary.

6. A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

Dated: _____  _____
ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE

**PROTECTIVE ORDER**

**U.S.M.J. No. 2005-M0449-RBC**
**Crim. No. 05-CR-10051-WGY**

_____    _____
Neil J. Gallagher, Jr.                              Date
Assistant U.S. Attorney


_____    _____
Lisa M. Asiaf                                       Date
Assistant U.S. Attorney


_____    _____
Counsel for JOSE MORALES                            Date
JOSE A. ESPINOSA


_____    _____
Counsel for LUIS MORALES                            Date


_____    _____
Counsel for JOSE LUIS                               Date
FIGUEROA-RAMOS
RAYMOND BUSO


_____    _____
Counsel for DIXON PEREZ                             Date
LENORE GLASER


_____    _____
Counsel for JOSE NICHOLSON                          Date
VICTORIA M. BONILLA-ARGUDO


_____    _____
Counsel for ROBERT MEDEIROS                         Date
BARRY P. WILSON

| | |
|---|---|
| _____ | _____ |
| Counsel for MIGUEL CASADO<br>ELAINE POURINSKI | Date |
| | |
| _____ | _____ |
| Counsel for HERMAN MELO JR.<br>CATHERINE K. BYRNE | Date |
| | |
| _____ | _____ |
| Counsel for BRIAN P. KEENAN<br>E. PETER PARKER | Date |
| | |
| _____ | _____ |
| Counsel for DAVID R. ROSANINA<br>WALTER P. FARIK | Date |
| | |
| _____ | _____ |
| Counsel for WILFREDO TORRES<br>EILEEN M. DONOGHUE | Date |
| | |
| _____ | _____ |
| Counsel for LUIS D. SOUCLAT<br>PHILIP J. COPPOLA | Date |
| | |
| _____ | _____ |
| Counsel for WILBERTO BATISTA<br>J. THOMAS KERNER | Date |
| | |
| _____ | _____ |
| Counsel for JOSE ORTIZ-PEREZ | Date |