UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>JOSE ORTIZ-PEREZ     ) | CR. No. 05-cr-10115-JLT |

**DEFENDANT JOSE ORTIZ-PEREZ' SENTENCING MEMORANDUM**

The defendant, Jose Ortiz-Perez, comes before this Court for sentencing. He is a career offencer, but he asks the Court to sentence him to the mandatory minimum sentence of ten years, below the advisory guideline range established pursuant to the Career Offender guideline, taking into consideration the factors set forth in 18 U.S.C. §3553.

Additionally, Mr. Ortiz-Perez asks, as he has been found indigent and is unable to pay a fine, that a fine be waived, and he asks that the Court recommend that he be placed in a drug treatment program.

**INTRODUCTION**

Mr. Ortiz-Perez was born into poverty in the Dominican Republic. He was one of nine children, and everyone in the family had to work in the fields, performing hard labor, to feed their large family. At the age of 23 he came to this country, in hopes of a better life and to support his family in the Dominican Republic. Since then he has sent money to support both of his parents, who are now aged and both in poor health and his siblings. In addition he has supported his nine children. He has stayed close with all of his children, but especially with his younger children, Giovanni and Jaileni, who live with their mother, Wanda Garcia, in Lawrence. Ms. Garcia has been in regular

contact with counsel and intends to be present at sentencing. She has made sure that the children, who are close to their father, have been able to speak with him regularly since his incarceration.

**I.    THIS COURT SHOULD, BASED ON FACTORS SET FORTH IN 18 U.S.C. § 3553, IMPOSE THE MANDATORY MINIMUM SENTENCE OF TEN YEARS**

Mr. Ortiz-Perez' guideline score, before adjustment based on the Career Offender guideline, is level 8, Category IV, which translates to a guideline range of 121-151 months. He has been found responsible for over a kilogram of heroin, and so is subject to a mandatory minimum sentence of 10 years. He asks this Court to sentence him to 121 months.

The Court, following *United States v. Booker*, 543 U.S. 220 (2005), should consider the factors in section 3553, to effect a sentence which is "sufficient, but not greater than necessary," to reflect the seriousness of the offense; to deter future offenses, both generally and by this defendant; and provide needed correctional treatment to Mr. Ortiz-Perez. The Court is directed to consider these goals, the guidelines, and "the nature and circumstances of the offense and the history and characteristics of the defendant" in making this determination. Considering Mr. Ortiz-Perez in light of these factors, a sentence of 10 years is appropriate. Realizing that the seriousness of this offense and considerations of deterrence require imposition of a substantial sentence of imprisonment, Mr. Ortiz-Perez urges the Court to sentence him below Career Offender guideline range, for the following reasons.

His history and characteristics and the adequacy of a sentence within the non-career offender guideline range (121-151 months at level 29, category IV) to provide adequate deterrence, protect the public, and provide Mr. Ortiz-Perez with needed correctional treatment, warrant imposition of a sentence below the career offender guideline range of 262-327 months. Mr. Ortiz-Perez was raised

in conditions of unspeakable poverty in a family of 11, and left school after third grade to work in the fields with his parents and siblings.  They had no indoor plumbing, running water or electricity, and the nine children shared two rooms.  They often went hungry.  Since coming to this country he has provided financial support to his parents and siblings, and as well to his own children.

Mr. Ortiz-Perez has been intimately involved in the life of his son, Giovanni, who is 13 and has already been diagnosed as bipolar, ADHD and as a slow learner.  He is also asthmatic and has had surgery on his ears.  Giovanni and his younger sister, Jaileni, live with their mother, Wanda Garcia.  She has leukemia.  While she is currently able to take care of their children, her condition may worsen and Mr. Ortiz-Perez hopes, at the end of his sentence, to be able to care for his children if Ms. Garcia becomes unable to do so.

Mr. Ortiz-Perez is 44, considerably older than a typical drug offender, and he will be well over 50 when he is released from prison even with a 10 year sentence (and well over 60 if he receives a 20 year sentence).  Recidivism rates decline dramatically as the age of offenders increase, and over age 50 the recidivism rate is 9.5%.  In addition, Mr. Ortiz-Perez will be deported at the conclusion of his sentence, and he is acutely aware that re-entry and/or new involvement in criminal activities will put him in prison for the remainder of his life.  He has begun the process of weaning himself from his serious, long-standing drug addictions and will ask the Court for recommendation to any available drug treatment programs while he is incarcerated.

Mr. Ortiz-Perez' involvement in this conspiracy consists of the purchase from co-defendant Figueroa-Ramos, on one occasion in March of 2005, of heroin.  The quantity he purchased, 2.3 kilograms, subjects him to a mandatory sentence, but he was purchasing from Figueroa-Ramos, who in turn was being supplied by Jose Morales.  Morales was recently sentenced to 151 months in this

case for his involvement as the main supplier of heroin. That sentence is clearly seen as aa sufficient deterrent to others not to engage in heroin trafficking. A sentence of 121 months for Mr. Ortiz-Perez, who was a buyer from Mr. Morales' customer, is only 30 months lower and should satisfy the requirements of section 3553 that the sentence be "sufficient, but not greater than necessary" to reflect the seriousness of the offense and deter others.

Mr. Ortiz-Perez is a career offender, which implicates section 3553(a)(1)(C), which requires consideration of a sentence that will "protect the public from further crimes of the defendant." His career offender status derives from three closely-spaced drug convictions from June 1996, September 1996 and January 1997 (¶¶ 105-107 of PSR). Given Mr. Ortiz-Perez' current situation, over a decade later, a 10 year sentence which will be followed by mandatory deportation from this country is more than adequate to protect the public from further crimes. He is, as noted above, now 44 and will be over 50 upon his release from jail after such a sentence. He has children with serious medical problems, whose mother is also ill. He hopes to profit from drug treatment while he is incarcerated. All of these counsel that he is not a high risk to commit further crimes after a 10 year sentence, which is a very substantial sentence and within the range appropriate in this case, given the sentences imposed on the other defendants sentenced thus far.[1]

Finally, because Mr. Ortiz-Perez has been convicted of an aggravated felony and is subject to mandatory deportation, he will not be eligible for halfway house or any other reduced form of incarceration, and following his sentence he will be removed from this country.

---

[1] Figueroa-Ramos has not been sentenced, but as noted above, Morales, who was a supplier of heroin in the conspiracy. received a 151 month sentence. Perez and Nicholson, who made multiple deliveries for Figueroa-Ramos, received sentences of 41 and 78 months, respectively. Souclat, who also supplied Figueroa-Ramos with heroin, was sentenced to 70 months.

For all of these reasons, a sentence taking into considerations the factors enumerated in section 3553(a) should be imposed below Mr. Ortiz-Perez' guideline range.

## II. THIS COURT SHOULD RECOMMEND TO THE BUREAU OF PRISONS THAT THE DEFENDANT BE ADMITTED TO AVAILABLE DRUG TREATMENT PROGRAMS.

Mr. Ortiz-Perez requests that this Court recommend that be afforded any available drug treatment programs the Bureau of Prisons offers. He has long been a drug user, and although his immigration status will prevent him from getting any credit off his sentence by participating in drug treatment, he wishes to deal with his drug dependency with the help of programs available.

## III. THIS COURT SHOULD WAIVE A FINE BASED ON MR. ORTIZ-PEREZ' INABILITY TO PAY.

Mr. Ortiz-Perez is indigent. He has no assets and few prospects of acquiring any. He was found indigent by the Court and has been represented by CJA counsel. This Court should not impose a fine.

## CONCLUSION

Jose Ortiz-Perez, age 44, is now minimally facing a period of incarceration of 10 years, and deportation from this country thereafter. If sentenced at the career offender guideline range he faces a period of incarceration of over 20 years. A 10 year sentence is a substantial punishment that will adequately serve the purpose of deterring Mr. Ortiz-Perez from any future illegal conduct, recognize the severity of his crime, and generally deter others by example. Mr. Ortiz-Perez' family history, his age, his role in this conspiracy relative to others who have been sentenced, warrant consideration by this Court, and should counsel a sentence of 10 years. The Court should waive any fine, and

recommend to the Bureau of Prisons that the defendant be eligible for drug treatment.

                Respectfully submitted,

                /s/ David Duncan
                /s/ David Duncan (#546121)
                Zalkind, Rodriguez, Lunt & Duncan
                65a Atlantic Avenue
                Boston, MA  02110
                (6l7) 742-6020

September 13, 2007

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                /s/ David Duncan