# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                              CRIMINAL NO. 05-10115-JLT-14

JOSE ORTIZ PEREZ,
    Defendant.

## *REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO DISMISS (#360)*

COLLINGS, U.S.M.J.

    On January 7, 2010, the defendant filed a Motion to Dismiss his §2255 Motion. Nevertheless, the Court was concerned with what it viewed as the Government's serious breach of its duty of disclosure of promises, rewards and inducements at the time of the defendant's plea. Accordingly, on February 2, 2010, the undersigned issued the following Order:

> Upon a review of the Government's Response to Court Order (#366), it is clear that there was an agreement which was not disclosed to the Court that an 851

> Information would not be filed if the defendant plead guilty. It does not matter that the Government now contends that all it said was that it "might" file an 851 Information if the defendant went to trial; what matters is that the Government made it clear to defendant's counsel that such an Information would not be filed if the defendant plead guilty. The failure to disclose this representation by the Government is a violation of the duty imposed by Rule 11(c)(2), Fed. R. Crim. P. The Court notes that the defendant has been proceeding *pro se* and has filed a motion to dismiss his Sec. 2255 motion. *See* 360. In these circumstances, the Court is of the view that there is "good cause" to appoint counsel to represent the defendant. The "interests of justice" require that the defendant have the advice of counsel on the question of whether he wishes to press his motion to dismiss. *See* 18 U.S.C. Sec. 3006A(a)(2)(B). The Court therefore APPOINTS Michael R. Schneider, Esquire, 95 Commercial Wharf, Boston, Massachusetts 02110 (617-227-7728) to represent the defendant.

Attorney Schneider conferred with the defendant and has filed a Final Status Report (#379) indicating that the defendant perseveres in his desire to have his § 2255 motion dismissed.

Accordingly, I RECOMMEND that the Motion to Dismiss (#360) be allowed to the extent that the defendant's § 2255 Motion (#337) be DENIED with prejudice. ***However, the United States Attorney is now on notice that the undersigned considers a failure to advise the Court on a change of plea that the***

*Government has represented to defense counsel that upon a plea of guilty, it will not file n § 851 Information against that defendant to be a clear violation of Rule 11(c)(2), Fed. R. Crim. P.*

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS

May 4, 2010.                                United States Magistrate Judge